IN THE CIRCUIT COURT FOR CAMPBELL COUNTY, TENNESSEE

RAGNAR HALL, Deceased, By and Through his )
Next Friends and Parents, REBECCA HALL )
BOBBY HALL, JR., and REBECCA HALL, )
Individually )
                                                                 )
    Plaintiffs, )
) **DOCKET NO. 17036**
v. )
) **JURY DEMANDED**
JELLICO COMMUNITY HOSPITAL, INC.; )
RENNOVA HEALTH, INC. d/b/a JELLICO )
COMMUNITY HOSPITAL, INC., JAMES W. )
KILLIAN, M.D.; DANIEL E. YODER, JR., M.D.; )
GEOGY THOMAS, M.D.; DAYSPRING )
HEALTH, INC.; COURTNEY E. GUTMAN, M.D.; )
SAMUEL P. BILYEU, M.D.; VISTA RADIOLOGY, )
P.C.; and JAMES M. SMITH, CRNA )
)
    Defendants. )

## ANSWER OF VISTA RADIOLOGY, P.C. AND SAMUEL P. BILYEU, M.D.

COME the Defendants, Vista Radiology, P.C. ("Vista") and Samuel P. Bilyeu, M.D. ("Dr. Bilyeu") (collectively referred to herein as these "Defendants"), by and through their attorneys, and answer the Plaintiffs' Complaint as follows:

1. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of the Complaint.

2. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 2 of the Complaint.

3. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3 of the Complaint.

4. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 4 of the Complaint.

5. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 5 of the Complaint.

6. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 6 of the Complaint.

7. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 7 of the Complaint.

8. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 8 of the Complaint.

9. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 9 of the Complaint.

10. In response to Paragraph 10 of the Complaint, these Defendants admit Dr. Bilyeu is a medical doctor licensed to practice medicine in the State of Tennessee. Defendants deny Dr. Bilyeu's principal office is located at 2001 Laurel Avenue, #N304, Knoxville, TN 37916. These Defendants do not contest jurisdiction, venue, or service of process as to Dr. Bilyeu.

11. In response to Paragraph 11 of the Complaint, these Defendants admit Vista is an active Tennessee corporation with a principal office located at 2001 Laurel Avenue, Ste. 304, Knoxville, TN 37916. Defendants further admit Vista's registered agent is Dr. Peter G. Emanuel. Defendants do not contest venue, jurisdiction, or service of process as to Vista.

12. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 12 of the Complaint.[1]

---

[1] The Complaint does not contain a Paragraph 12 due to an apparent typographical error. Between Paragraphs 11 and 13 of the Complaint, the Complaint identifies and describes Defendant James M. Smith, CRNA. Therefore, for the sake of consistency, Defendants respond to the unnumbered paragraph immediately preceding Paragraph 13 with the understanding that it was intended to be Paragraph 12.

13. The averments in Paragraph 13 contain legal conclusions and do not require responses from these Defendants. To the extent a response is required, Defendants admit they received correspondence from Plaintiffs' counsel dated June 13, 2019 regarding Notice of Potential Health Care Liability Action, the content of which speaks for itself. Defendants deny the copy of the Complaint served upon Defendants included all supporting documentation specified in Tenn. Code Ann. § 29-26-121(a). Defendants reserve the right to assert and rely upon any defenses provided by the cited statutes, specifically including Tenn. Code Ann. § 29-26-121, as discovery progresses in this case.

14. The averments contained in Paragraph 14 of the Complaint set forth legal conclusions and do not require responses from these Defendants. To the extent a response is required, Defendants admit a Certificate of Good Faith; Medical Malpractice Case; Plaintiff's Form was attached to the Complaint served upon these Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 14 of the Complaint. Defendants reserve the right to assert and rely upon any defenses provided by the cited statutes, specifically including Tenn. Code Ann. § 29-26-122, as discovery progresses in this case.

15. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 15 of the Complaint. The contents of the patient's medical records speak for themselves, and any allegations in the Complaint inconsistent with the medical records are denied.

16. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 16 of the Complaint. The contents of the

patient's medical records speak for themselves, and any allegations in the Complaint inconsistent with the patient's medical records are denied.

17. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 17 of the Complaint. The contents of the patient's medical records speak for themselves, and any allegations in the Complaint inconsistent with the patient's medical records are denied.

18. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 18 of the Complaint. The contents of the patient's medical records speak for themselves, and any allegations in the Complaint inconsistent with the patient's medical records are denied.

19. In response to Paragraph 19 of the Complaint, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of Paragraph 19 of the Complaint; however, the contents of the patient's medical records speak for themselves, and any allegations in the Complaint inconsistent with the medical records are denied. These Defendants admit a study of a radiograph of the chest, one view, was performed on June 28, 2018 at 10:10 a.m., which findings included that the patient was intubated and the endotracheal tube appeared to extend into the right mainstem bronchus. The findings also included the appearance of extensive mixed interstitial/alveolar infiltrates throughout the lungs and a small right-sided pneumothorax. The impressions from the 10:10 a.m. study recommended removal/repositioning of the endotracheal tube, and the findings were discussed with Dr. Killian by Dr. Bilyeu at 10:19 a.m. on June 28, 2018. These Defendants further admit that a study of a radiograph of the chest, one view, was also performed on June 28, 2018 at 10:16 a.m. The findings of the 10:16 a.m. study included that the endotracheal tube had been partially withdrawn; however,

the distal tip of the endotracheal tube continued to extend just into the right mainstem bronchus. The study suggested partial withdrawal of the tube by approximately 15 millimeters for improved positioning. The findings further noted a small right-sided pneumothorax that appeared smaller in volume compared to the previous study. The results of the 10:16 a.m. radiograph study were discussed with Dr. Killian by Dr. Bilyeu at 10:49 a.m. on June 28, 2018. Any allegations contained in Paragraph 19 of the Complaint that are inconsistent with the patient's medical records are denied.

20. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 20 of the Complaint. The contents of the patient's medical records speak for themselves, and any allegations in the Complaint inconsistent with the patient's medical records are denied.

21. Defendants deny the averments in Paragraph 21 of the Complaint to the extent they are directed at these Defendants. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 21 of the Complaint.

22. These Defendants deny the averments in Paragraph 22 of the Complaint to the extent they are directed at these Defendants. These Defendants specifically deny that any of the professional care and treatment provided by these Defendants was improper, and all allegations in the Complaint charging these Defendants with negligence, medical malpractice, healthcare malpractice, or any other theory of recovery are specifically denied. Defendants further deny that these Defendants were guilty of any medical negligence that proximately caused or contributed to any injuries and/or damages for which the Plaintiffs now sue.

23. These Defendants deny the averments in Paragraph 23 of the Complaint to the extent they are directed at these Defendants.

24. These Defendants deny the averments in Paragraph 24 of the Complaint to the extent they are directed at these Defendants.

25. These Defendants deny the averments in Paragraph 25 of the Complaint to the extent they are directed at these Defendants.

26. These Defendants deny the averments in Paragraph 26 of the Complaint to the extent they are directed at these Defendants.

27. These Defendants deny the averments in Paragraph 27 of the Complaint to the extent they are directed at these Defendants.

28. All allegations in Plaintiffs' prayer for relief are denied.

29. It is denied that any of the professional care and treatment provided by these Defendants was improper, and all allegations in the Complaint charging these Defendants with negligence, medical malpractice, healthcare malpractice, or any other theory of recovery are specifically denied. It is further denied that these Defendants were guilty of any medical negligence which proximately caused or contributed to any injuries and/or damages for which the Plaintiffs now sue. Accordingly, it is denied that these Defendants are liable or responsible to the Plaintiffs for the amount sued or for any amount whatsoever.

30. Defendants rely upon the defense of lack of causation. It is denied that Plaintiffs suffered any injury or damage that would not have otherwise occurred, irrespective of the professional care and treatment of these Defendants, whose care and treatment were provided, at all times material, in conformance with the recognized standards of acceptable professional practice for radiologists in Campbell County, Tennessee or similar communities.

31. Defendants rely upon and plead by adoption the Healthcare Liability Act of Tennessee as currently amended and codified at Tenn. Code Ann. § 29-26-101, *et seq.* and the Tennessee Civil Justice Act of 2011, including Tenn. Code Ann. § 29-39-101 – 104.

32. In the alternative and without admitting fault, Defendants rely upon the the doctrine of modified comparative fault based on the allegations contained in the Complaint directed at Co-Defendants. Any fault of Co-Defendants must be taken into consideration, and any award to which the Plaintiffs may otherwise be entitled against these Defendants must be proportionally reduced or otherwise barred.

33. For further answer and defense to the entire Complaint, these Defendants aver and would show that Defendants' professional care of Plaintiffs was performed at all times in conformance with that degree of skill, learning, and experience ordinarily used, possessed, and practiced by radiologists in Cambpell County, Tennessee or similar communities; that the accepted and proper methods were used; that these Defendants were guilty of no negilgence, gross negilgence, carelessness, or medical malpractice, and that these Defendants performed all care and treatment in accordance with the requirements of a reasonable professional practice.

34. At the time of the preparation of this responsive pleading, fact investigation and discovery are proceeding. As a result, these Defendants reserve the right to further amend this pleading, subject to the Court's discretion, to set forth additional defense and/or pertinent factual averments.

35. The Complaint fails to state a claim upon which relief can be granted, and it should, therefore, be dismissed in accordance with Rule 12 of the Tennessee Rules of Civil Procedure. The Complaint includes no factual allegations that could possibly support a cognizable cause of action against these Defendants.

36. Defendants rely on the defense of intervening or superseding cause to the extent supported by further discovery and the proof in this matter.

37. Defendants rely upon the applicable statute of limitations to the extent the evidence shows that the Plaintiffs failed to comply with the statute of limitations.

38. Any allegations in the Complaint not hereinabove admitted, qualified, or denied are here and now denied as though set out specifically and denied.

And now, having fully answered, these Defendants demand a twelve (12) member jury to try the case, and these Defendants pray that this case be dismissed with prejudice with costs taxed to the Plaintiffs.

Respectfully submitted, this, the 16th day of January, 2020.

_____
Edward G. White, II, BPR # 10673
Bart C. Williams, BPR #028290
Hodges, Doughty & Carson, PLLC
617 Main Street
P. O. Box 869
Knoxville, Tennessee 37901-0869
(865) 292-2307
*Attorneys for Defendants Samuel P. Bilyeu, M.D. and Vista Radiology, P.C.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been delivered to all counsel for parties at interest in this cause by placing a copy of the same in the Unites States mail, postage prepaid, in a properly addressed envelope, or by delivering same to each such attorney as follows:

| | |
|---|---|
| ☐ Hand<br>☒ Mail<br>☐ Fax<br>☐ FedEx<br>☐ Email | Timothy Holton, Esq.<br>Holton Law Firm, PLLC<br>296 Washington Avenue<br>Memphis, TN 38103<br>*Attorneys for Plaintiffs* |
| ☐ Hand<br>☒ Mail<br>☐ Fax<br>☐ FedEx<br>☐ Email | Jonathan T. Martin, Esq.<br>Jeffrey L. Griffin, Esq.<br>Harris, Shelton, Hanover & Walsh, PLLC<br>6060 Primacy Parkway, Suite 100<br>Memphis, TN 38119<br>*Attorneys for Defendant Jellico Community Hospital, Inc.* |
| ☐ Hand<br>☒ Mail<br>☐ Fax<br>☐ FedEx<br>☐ Email | Howard B. Jackson, Esq.<br>Wimberly Lawson Wright Daves & Jones, PLLC<br>550 W. Main Street, Suite 900<br>P.O. Box 2231<br>Knoxville, TN 37901-2231<br>*Attorneys for Defendants Dayspring Health, Inc., James W. Killian, M.D., Geogy Thomas, M.D. and Daniel E. Yoder, Jr., M.D.* |
| ☐ Hand<br>☒ Mail<br>☐ Fax<br>☐ FedEx<br>☐ Email | Heidi A. Barcus, Esq.<br>Luke P. Ihnen, Esq.<br>London & Amburn, P.C.<br>607 Market Street, Suite 900<br>Knoxville, TN 37902<br>*Attorneys for Defendant James M. Smith, CRNA* |
| ☐ Hand<br>☒ Mail<br>☐ Fax<br>☐ FedEx<br>☐ Email | Dixie Cooper, Esq.<br>Hollie R. Parrish, Esq.<br>Gideon Cooper & Essary<br>315 Deaderick Street, Suite 1100<br>Nashville, TN 37238<br>*Attorneys for Defendant Courtney Gutman, M.D.* |

This the 16th day of January, 2020.

_____
Attorney